# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**TIMOTHY HURST**
                **Petitioner,**

      **v.**                                     **Case No. 10-C-0685**

**MICHAEL THURMER**
                **Respondent.**

---

## ORDER

Petitioner Timothy Hurst, incarcerated at Waupun Correctional Institution and proceeding pro se, has filed an application for a writ of habeas corpus. Ordinarily, a habeas petitioner must pay a statutory filing fee of $5 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). Hurst, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. Nietzke v. Williams, 490 U.S. 319, 324 (1989). Under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Because the statutory filing fee for an application for a writ of habeas corpus is only $5, however, a petitioner will rarely have insufficient income or assets to pay the fee.

Petitioner has filed the required affidavit of indigence. Upon review of that affidavit, however, the court is satisfied that the petitioner has sufficient assets or income to pay the

$5 filing fee.  Petitioner has $281.91 in his prison trust account and average monthly deposits of $83.31.  He has no debts or monthly expenses.

**THEREFORE, IT IS ORDERED** that petitioner's request to proceed in forma pauperis is **DENIED**.  The petitioner is directed to pay the statutory filing fee of $5 to the Clerk of Court for this district within **21 DAYS** of the date of this order.  Failure to pay the filing fee within the period specified herein will result in dismissal of this action.

Once petitioner's filing fee has been received and docketed, the court will give the petition preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which may result in summary dismissal of some or all of petitioner's claims.  If the petition, or any part thereof, survives summary dismissal at the Rule 4 stage, the court will order respondent to file an answer to the petition and may order further briefing by the parties as necessary.

Dated at Milwaukee, Wisconsin, this 23 day of August, 2010.


/s_____
LYNN ADELMAN
District Judge